AGUSTÍN HERNÁNDEZ-MENA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 744.   Submitted December 14, 1928.—Decided December 19, 1928.

*A. Hernández Mena pro se.* The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Agustín Hernández Mena, the appellant recovered a judgment in his favor in an action brought by him against Ruperto Fuentes.

On March 31, 1927, Fuentes bought from José Pilar Santiago before a notary public a certain urban property in Hato Rey, Río Piedras, for six thousand dollars and the deed of conveyance sets forth that in order to secure the payment of a loan of that sum made to him by the grantor, the grantee creates a mortgage on the property so purchased.

On May 18, 1928, Hernández Mena presented in the registry a copy of the said deed of March 31, 1927, and asked that it be recorded as to the sale only. The registrar recorded the deed as requested on the 29th of the same month, but mentioned the mortgage in the record.

The deed having been presented in the registry, Hernández Mena moved that the property acquired by his debtor Fuentes be levied on to satisfy his judgment. The levy was ordered and the order was recorded in the registry on May 31, 1928.

Under the corresponding judicial proceedings followed by Hernández Mena the property levied on was sold finally by the marshal on June 21, 1928, Hernández Mena being the purchaser. On the 22nd of the same month Hernández Mena presented in the registry a copy of the deed of sale executed by the marshal and it was recorded by the registrar. On October 16, 1928, José Pilar Santiago applied to the registry

for a formal record of the mortgage which had been mentioned only, and his application was granted by the registrar on October 22, 1928.

Thereupon Santiago brought a judicial proceeding to collect the sum guaranteed to him by the mortgage. Demand for payment was made upon Hernández Mena, who appeared in the registry as the owner of the mortgaged property, and he brought an action against Santiago for annulment of the mortgage and for damages.

At this stage Hernández Mena presented in the registry a copy of another deed executed by José Pilar Santiago and Ruperto Fuentes by virtue of which they rescinded on May 24, 1927, the contracts of purchase and sale and loan with mortgage executed by them on March 31, 1927, and asked for a cancellation of the mortgage mentioned on May 29, 1928, and recorded on October 22, 1928. The registrar refused to do so and it is from this refusal that Hernández Mena has taken the present administrative appeal.

The decision appealed from reads in part as follows:

"The cancellation of the mortgage for six thousand dollars referred to herein, applied for exclusively, is refused, because it would be required for that purpose that the mortgaged properties should be returned simultaneously to their former owners, as stipulated in clause six of the deed, and this is not sought nor could it be effected in regard to the property included in the jurisdiction of this registry (as security for $5,900), because it is recorded in favor of Agustín Hernández Mena who is not Ruperto Fuentes of whom the former is the successor in interest; and that, if the mortgage became invalid through rescission said property also ceased to belong to the mortgagor and went back to its former owner José P. Santiago, and if the mortgage were canceled, as requested by Hernández Mena, José P. Santiago would lose, besides the property sold by him, his real right therein, and this is against the law on the rescission of contracts."

In our judgment the decision of the registrar should be affirmed on its own grounds.

If Hernández Mena desired to take advantage of the con-

tract of purchase and sale of March 31, 1927, whereby his debtor Fuentes acquired certain property, he should have accepted it as a whole. It is true that his debtor became the owner, but the owner of a property which simultaneously with its acquisition was mortgaged by him to secure a loan for a sum equal to the purchase price.

It was so understood by the registrar from the start. For that reason when Hernández Mena asked of him what the parties to the contract had not asked for, *i.e.*, the record of the deed of March 31, 1927, as regards the sale only, the registrar granted the request, but made mention of the mortgage. So when Hernández Mena recorded his levy the mortgage had been mentioned and constituted, according to the registry, a preferred right.

Hernández Mena can not invoke the other deed executed by Santiago and Fuentes on May 24, 1927, rescinding the contract of March 31, 1927, only in the part that favors him. If the mortgage became invalid by virtue of the rescission, the purchase and sale became invalid also. There is no middle ground. Either Hernández Mena acquired nothing by virtue of the sale made to him by the marshal on June 21, 1928, because, as the contract had been rescinded long before the marshal's sale and before the levy, his debtor owned nothing; or if he acquired anything, it was the property with the mortgage lien placed on it by its owner, mentioned in the registry prior to the levy and duly recorded later. The decision appealed from is affirmed.